896 So.2d 861 (2005)
Ronald D. SEKURA and Carol Sekura, Appellants,
v.
GRANADA INSURANCE COMPANY, Appellee.
No. 3D04-377.
District Court of Appeal of Florida, Third District.
February 23, 2005.
*862 Brooks Hermelee Geffin and Gary S. Brooks, Miami, and Leonard C. Atkins, IV, for appellants.
Mase, Gassenheimer Lara and Christopher J. Bailey, Miami, for appellee.
Before COPE, RAMIREZ, and WELLS, JJ.
WELLS, Judge.
Ronald and Carol Sekura sued builder Reinaldo Soto after the Sekuras learned that the home that they had hired Soto to build had been constructed below Federal Emergency Management Agency (FEMA) and Monroe County elevation requirements and that the County would not remove a Stop Work Order it had placed on the property until the structure was elevated or demolished. The Sekuras maintained that Granada Insurance Company provided coverage to Soto for such claims. Granada brought a declaratory action against Soto, the Sekuras and others, seeking a determination as to whether Granada was under a duty to defend and whether the Granada policy provided coverage for the Sekuras' claim. The trial court concluded that Granada did not have the duty to defend and that Soto's Commercial General Liability policy did not provide coverage for the claim. We agree.
The Sekuras' claim for the cost of replacement and repair of deficient construction (that is, construction which did not meet FEMA and Monroe County elevation requirements and thus, did not meet requirements of the parties' contract) was expressly precluded by the work product, business risk and professional services exclusions contained in Granada's policy. It is well established that as a matter of public policy, commercial liability insurance policies, like Granada's, do not cover claims for defective or deficient workmanship. Aetna Cas. and Sur. Co. of America v. Deluxe Systems, Inc. of Florida, 711 So.2d 1293, 1296 (Fla. 4th DCA 1998)(construing policy language virtually the same, if not the same, as that of Granada's policy). This is because "the purpose of . . . comprehensive liability insurance coverage is to provide protection for personal injury or for property damage caused by the completed product, but not for the replacement and repair of that product." LaMarche v. Shelby Mut. Ins. Co., 390 So.2d 325, 326 (Fla.1980).
Accordingly, the order under review is affirmed.